UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN LAING,

    Plaintiff,

v.                                CASE NO.: 8:13-cv-1041-T-23TGW

BP EXPLORATION & PRODUCTION
INC., et al.,

    Defendants.
_____/

**ORDER**

John Laing sues (Doc. 43) BP for quantum meruit, breach of implied contract, and conversion. BP moves (Doc. 48) to dismiss the complaint. A January 23, 2014, order (Doc. 39) dismisses Laing's initial complaint, which alleges claims under only Florida law. Laing amends (Doc. 43) his complaint and alleges claims under only Texas law.

Citing *American Home Assurance Co. v. Glenn Estess & Associcates*, 763 F.2d 1237, 1239 (11th Cir. 1985), and *Muslin v. Frelinghuysen Livestock Managers, Inc.*, 777 F.2d 1230, 1231 n.1 (7th Cir. 1985), BP argues that Laing cannot plead his claims under Texas law. (Doc. 48 at 6) However, each order is distinguishable. Only after the disposition of summary judgment under Alabama, the plaintiff in *American Home* argued for the application of New York law. The plaintiff in *Muslin* attempted to argue Illinois law only on appeal despite the application of New York law in the original proceeding. However, Laing alleges claims under Texas law at the motion

to dismiss stage. Thus, unlike the plaintiffs in *American Home* and *Muslin*, Laing does not wait until a "late point in the litigation" to assert his claims under Texas law. *Int'l Adm'rs, Inc. v. Life Ins. Co.,* 753 F.2d 1373, 1378 (7th Cir.1985). Also, a January 23, 2014, order allows Laing to amend his complaint. (Doc. 39 at 11) Accordingly, Laing is not barred from pleading his claims under Texas law.

    BP argues that Laing is judicially estopped from asserting a claim under Texas law. "The doctrine of judicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party (or by one in privity with that party) in a previous proceeding." *Moore's Federal Practice*, Vol. 18, § 134.30 (3d ed. 2014). "Its purpose is 'to protect the integrity of the judicial process,' [and to] prevent[] parties from playing 'fast and loose with the courts.'" *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001). "[F]irst, it must be shown that the allegedly inconsistent positions were made under oath in a prior proceeding. Second, such inconsistencies must be shown to have been calculated to make a mockery of the judicial system." *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1273 (11th Cir. 2010).* "For purposes of judicial estoppel, intent is a purposeful contradiction – not simple error or inadvertence." *Barger v. City of Cartersville, Ga.*, 348 F.3d 1289, 1294 (11th Cir. 2003). BP's argument fails because Laing is not asserting a claim under Texas law in a new "legal proceeding"; Laing asserts different claims under Texas law in the same proceeding. (Doc. 43) BP fails to show

---

* Although the Eleventh Circuit does not apply the "traditional" factors used by the Supreme Court, "the two factors applied in the Eleventh Circuit are consistent with [*New Hampshire v. Maine*, 532 U.S. 742 (2001)], and provide courts with sufficient flexibility in determining the applicability of the doctrine of judicial estoppel based on the facts of a particular case." *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1285-86 (11th Cir. 2002).

that Laing's assertion of claims under Texas law is a purposeful contradiction rather than an error or inadvertence.

Finally, BP argues that Laing's claims fail under applicable Texas limitations and fail on the merits. Laing argues for the timeliness and the sufficiency of the Texas claims. Because the parties identify novel issues of Texas law and assert claims closely tied to people and events in Texas, the parties "may present their views about the desirability of transfer [to the Southern District of Texas] and the possible transferee court." Wright & Miller, *Federal Practice and Procedure*, Vol. 15, § 3844 (4th ed. 2014); *see also Nalls v. Coleman Low Fed. Inst.*, 440 F. App'x 704, 706 (11th Cir. 2011) (finding that "a district court may *sua sponte* transfer a civil action to any other district where it might have been brought if doing so will be convenient for the parties and witnesses and serve the interest of justice").

BP's motion (Doc. 48) is **DENIED IN PART**. No later than **AUGUST 4, 2014**, Laing and BP may each brief – in no more than ten pages – whether to transfer this action to the Southern District of Texas under Section 1404(a).

**ORDERED** in Tampa, Florida, on July 22, 2014.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE